IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01429-BNB

JAMES RUSSELL WILKES,

  Applicant,

v.

J. M. WILNER, Warden, FCI - Florence,

  Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 29 2008

GREGORY C. LANGHAM
                    CLERK

ORDER OF DISMISSAL

Applicant, James Russell Wilkes, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Wilkes initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a supporting brief. He paid the $5.00 filing fee required for a habeas corpus action.

On August 19, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On September 16, 2008, after being granted an extension of time, Respondent filed a preliminary response. On September 29, 2008, Applicant filed a reply.

The Court must construe Mr. Wilkes' application and reply liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as

the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Wilkes currently is serving a seventy-seven-month sentence for attempted manufacture of a controlled substance and possession of a firearm by a restricted person. His projected release date, via good-conduct-time release, is November 24, 2009. He contends that he is entitled to six months and three days, or a total of 189 days, of pre- and post-detention credit applied toward his sentence pursuant to 18 U.S.C. § 3585(b). Application at 2; supporting brief at 3.

As relief, he appears to be asking the Court to apply § 5G1.3(b)(1) of the United States Sentencing Guidelines (USSG) to adjust his prison sentence downward by six months and three days, or a total of 189 days. According to Applicant, he would be left with a new prison term of "seventy (70) months and twenty-seven (27) days." Supporting brief at 4. USSG § 5G1.3(b)(1) provides that where "a term of imprisonment resulted from another offense that is relevant to the instant offense of conduct under [certain provisions] . . . , the sentence for the instant offense shall be imposed as follows: the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such a period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons."

Applicant concedes and the record confirms that he has not exhausted BOP administrative remedies prior to initiating the instant lawsuit. He contends that exhaustion is futile because Respondent already has determined that he is not entitled to the relief requested and will not revisit that determination. He also contends that he

2

has submitted numerous administrative remedy requests and that Respondent will not accept and process them. Respondent maintains that Mr. Wilkes did not file his initial administrative remedy request, dated August 18, 2008, until August 25, 2008, almost two months after he submitted his habeas corpus application to this Court on June 27, 2008, and, therefore, he could not have submitted numerous administrative remedy requests by the time he submitted his application to this Court. Respondent alleges that on September 8, 2008, Mr. Wilkes received a response from the warden indicating that in order to respond properly to his request filed on August 25, 2008, he needed to provide the specific time period for which he is seeking credit, and not just a total number of days. Respondent argues that Mr. Wilkes has not filed any appeals concerning this issue and, therefore, because he has not exhausted BOP administrative remedies he cannot know whether his efforts to exhaust would be futile. This Court agrees.

Exhaustion of administration remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Mr. Wilkes's speculation that exhaustion would be futile does not excuse the required exhaustion process. He has not shown affirmatively that exhausting BOP remedies would be useless. *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

The BOP administrative remedy program is available to federal prisoners such as Mr. Wilkes. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of

his/her confinement." 28 C.F.R. § 542.10(a). To exhaust administrative remedies, a federal prisoner must attempt to resolve the matter informally and then complete all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15. Therefore, the application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this 29 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01429-BNB

James R. Wilkes
Reg. No. 10564-081
FCI - Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/29/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk